UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

MR TECHNOLOGIES GMBH,                    Case No. 25-CV-1460 (PJS/DTS)

          Plaintiff,

v.                                                    ORDER

SEAGATE TECHNOLOGY LLC;
SEAGATE TECHNOLOGY
INTERNATIONAL; SEAGATE
TECHNOLOGY (THAILAND) LIMITED;
SEAGATE SINGAPORE
INTERNATIONAL HEADQUARTERS
PTE. LTD.; and SEAGATE
TECHNOLOGY (NETHERLANDS) B.V.,

          Defendants.

---

Paul A. Kroeger, Marc A. Fenster, Riza Mirzaie, Brian Ledahl, Ben Wang, and Dale Chang, RUSS AUGUST & KABAT; Adam R. Steinert and Luke P. de Leon, FREDRIKSON & BYRON, P.A., for plaintiff.

David J.F. Gross, Katherine S. Razavi, and Chad Drown, FAEGRE DRINKER BIDDLE & REATH LLP, for defendants.

Plaintiff MR Technologies GmbH ("MR Tech") is the owner of U.S. Patent No. 9,928,864 ("the '864 patent"), issued on March 27, 2018, Compl. ¶ 31; U.S. Patent No. 11,138,997 ("the '997 patent"), issued on October 5, 2021, *id.* ¶ 63; and U.S. Patent No. 12,020,734 ("the '734 patent"), issued on June 25, 2024, *id.* ¶ 81.  MR Tech brings this action against defendants Seagate Technology LLC and related entities (collectively "Seagate"), alleging that Seagate has infringed MR Tech's patents.

This matter is before the Court on Seagate's motion to dismiss. Because MR Tech failed to respond to Seagate's arguments in favor of dismissing MR Tech's claims of contributory infringement, the Court treats those claims as abandoned and dismisses them. For the reasons that follow, though, the Court denies the remainder of Seagate's motion.

## I. BACKGROUND

The asserted patents are directed to magnetic recording media used in hard disk drives ("HDDs"). Compl. ¶ 19. The patents claim a multilayered nucleation host formed on a hard-storage layer. *Id.* The nucleation host consists of two or more ferromagnetic layers, with each layer's anisotropy[1] increasing the closer it is to the hard-storage layer (and thus the further it is from the write head). *Id.* The purpose of the invention was to transcend the "super paramagnetic limit" that restricted the amount of data that could be stored in existing media. *Id.*

Previous conventional wisdom was to put the hardest layer with the highest anisotropy closest to the write head because the write field decreases as the distance from the write head increases. *Id.* ¶ 21. The inventor of the technology behind MR Tech's patents (Dr. Dieter Suess) made the groundbreaking discovery that a multilayer nucleation host with increasing anisotropy toward an underlying hard storage layer can

---

[1]The complaint defines "anisotropy" as "the resistance to changes in magnetization away from an easy axis." Compl. ¶ 19.

make it easier to write to the hard storage layer while maintaining thermal stability.  *Id.*
¶ 20.  Almost all state-of-the-art HDDs now rely on this invention.  *Id.* ¶¶ 22, 27–28.

In August 2022, MR Tech brought a patent-infringement action against Western
Digital Technologies, Inc. ("Western Digital"), asserting that Western Digital infringed
the '864 and '997 patents.  *Id.* ¶ 26.  Seagate and Western Digital are the two dominant
competitors in a three-competitor market for HDDs (with the third competitor being
Toshiba).  *Id.* ¶ 35.  On July 26, 2024, a jury awarded MR Tech $262,388,800 in damages,
representing a lump-sum royalty for all past and future infringement until the patents
expire.  *Id.* ¶ 26.  The court later awarded MR Tech $117,267,508 in prejudgment
interest, as well as post-judgment interest of approximately $46,000 per day.  *Id.*

At the Western Digital trial, Dr. Mark Re, who had served as Seagate's Chief
Technology Officer ("CTO") from 2013 to 2018, testified that Seagate, like Western
Digital, was using Dr. Suess's "inventions in the patents in this case"; that Seagate had
started using the patented technology no later than 2010 and was continuing to use it in
2018; that Seagate "followed the path that [Dr. Suess] put forward in his invention"; and
that the '864 and '997 patents "are the foundation on which modern [perpendicular
magnetic recording] media is built."[2]  *Id.* ¶ 27.  Dr. Peter Goglia, an industry expert and

---

[2]Magistrate Judge David T. Schultz recently granted Seagate's motion to
disqualify Dr. Re from serving as an expert for MR Tech in this case.  ECF No. 81.  The
Court does not consider this ruling to preclude its consideration of the public testimony
(continued...)

also a former Seagate executive, testified that the industry "widely adopted the alleged infringing technology of multilayer media with varying anisotropy and layers." *Id.* ¶ 28.

The accused products are perpendicular magnetic recording ("PMR") HDDs and PMR media made, used, offered for sale, sold in, or imported into the United States, both by Seagate itself and through Seagate's OEM customers, distributors, retailers, or other intermediaries. *Id.* ¶ 2.

## II.  ANALYSIS

### A.  Standard of Review

In reviewing a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6), a court must accept as true all of the factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. *Perez v. Does 1–10*, 931 F.3d 641, 646 (8th Cir. 2019).  Although the factual allegations need not be detailed, they must be sufficient to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  The complaint must "state a claim to relief that is plausible on its face." *Id.* at 570.

---

[2](...continued)
that Dr. Re gave at the Western Digital trial—and that MR Tech quoted in its complaint—for purposes of assessing the plausibility of MR Tech's claims.

### B. Direct Infringement

Seagate first argues that MR Tech has failed to plead plausible claims of direct infringement. As the Federal Circuit has made clear, however, "patentees need not prove their case at the pleading stage." *Bot M8 LLC v. Sony Corp. of Am.*, 4 F.4th 1342, 1346 (Fed. Cir. 2021).

> To the contrary, an adequate complaint need only contain some factual allegations that, when taken as true, articulate why it is plausible that the accused product infringes the patent claim. More particularly: a plaintiff is not required to plead infringement on an element-by-element basis. Instead, it is enough that a complaint place the alleged infringer on notice of what activity is being accused of infringement.

*AlexSam, Inc. v. Aetna, Inc.*, 119 F.4th 27, 35 (Fed. Cir. 2024) (cleaned up).

Here, MR Tech has identified the accused products and plausibly alleged that its patented technology is groundbreaking, enabling the industry to overcome a limitation on the storage capacity of existing media. MR Tech has also plausibly alleged that, as a result, almost all state-of-the-art HDDs now incorporate this technology. In addition, MR Tech has alleged that Dr. Mark Re (Seagate's Chief Technology Officer from 2013 to 2018) testified at the Western Digital trial that Seagate had adopted the patented technology and used it for years. Finally, MR Tech's complaint also includes detailed allegations about elements of the accused products and compares them to limitations in the claims. *See id.* ¶¶ 29, 35, 38–39, 42–45, 47–51, 55–57, 70–71, 74–75, 85, 89–90, 93.

These allegations are more than sufficient to render MR Tech's claims of direct

infringement plausible.

Seagate resists this conclusion, pointing to MR Tech's failure to test the accused

products. Whether testing of an accused product is part of an "adequate pre-filing

investigation," however, depends on a number of factors:

> We have explained that testing of an accused product is not
> *necessarily* a required part of an adequate pre-filing
> investigation. *See Intamin Ltd. v. Magnetar Techs., Corp.*, 483
> F.3d 1328, 1338 (Fed. Cir. 2007) (testing not required where
> high obstacles to testing); *Q-Pharma, Inc. v. Andrew Jergens
> Co.*, 360 F.3d 1295, 1302–03 (Fed. Cir. 2004) (testing
> unnecessary for purposes of Rule 11 and § 285 where the
> product labels, among other things, supported
> infringement). Whether testing is necessary for a
> responsible accusation of infringement necessarily depends
> on the availability of the products at issue, the existence and
> costs of testing, and whether other sufficiently reliable
> information exists.

*Thermolife Int'l LLC v. GNC Corp.*, 922 F.3d 1347, 1360 (Fed. Cir. 2019).[3]

Here, the complaint alleges "other sufficiently reliable information" that renders

MR Tech's infringement claims plausible even without testing. In addition, MR Tech

asserts—and Seagate does not dispute—that the testing that can be performed on a

---

[3]The Court notes that *Thermolife* was not addressing a ruling on a motion to dismiss, but rather was addressing a district court's award of attorney's fees to a prevailing defendant following a bench trial. *Thermolife*, 922 F.3d at 1350. Assessing a prevailing defendant's entitlement to attorney's fees after a trial is a completely different task from assessing the facial adequacy of a complaint on a motion to dismiss.

finished product is complex, relatively expensive, and not particularly revealing or useful.  *See* ECF No. 45 at 20–21; ECF No. 53 at 33–34.[4]

Again, at this stage, MR Tech only needs to allege enough facts to render its infringement allegations plausible; MR Tech's complaint does not need to establish a probability that its allegations are true.  *See Twombly*, 550 U.S. at 556 ("Asking for plausible grounds . . . does not impose a probability requirement at the pleading stage.").  Because MR Tech has plausibly alleged direct infringement, the Court denies Seagate's motion to dismiss MR Tech's direct-infringement claims.

## C.  Induced and Willful Infringement

Seagate also moves to dismiss MR Tech's claims of induced infringement and willful infringement.

"[L]iability for inducing infringement attaches only if the defendant knew of the patent and [knew] that the induced acts constitute patent infringement."  *Commil USA, LLC v. Cisco Sys., Inc.*, 575 U.S. 632, 639 (2015) (quotation marks omitted).  Accordingly, "[f]or an allegation of induced infringement to survive a motion to dismiss, a complaint must plead facts plausibly showing that the accused infringer specifically intended another party to infringe the patent and knew that the other party's acts constituted

---

[4]When citing documents by ECF number, the Court cites the electronically generated page numbers at the top of the page.

infringement." *Lifetime Indus., Inc. v. Trim-Lok, Inc.*, 869 F.3d 1372, 1379 (Fed. Cir. 2017) (cleaned up).

To prevail on the issue of willfulness, the plaintiff must establish that the defendant knew or should have known of the patent and deliberately or intentionally infringed it. *See Ironburg Inventions Ltd. v. Valve Corp.*, 64 F.4th 1274, 1296 (Fed. Cir. 2023) ("To prevail on its claim for willful infringement, Ironburg was required to prove, by a preponderance of the evidence, that Valve knew of the '525 patent and then engaged in deliberate or intentional infringement." (quotation marks omitted)); *Trs. of Columbia Univ. v. Gen Digit. Inc.*, 169 F.4th 1320, 1336 (Fed. Cir. 2026) ("An infringement may be willful if the infringer knew or should have known of the patent's existence.").

Based on MR Tech's allegations concerning the groundbreaking nature of the patented technology, its widespread adoption in the industry, and the massive infringement verdict that MR Tech won against Seagate's main competitor (after a trial that featured testimony from Seagate's former CTO that Seagate had long been using the patented technology), MR Tech has plausibly pleaded that Seagate was aware of at least the '864 and '997 patents (that is, the two patents that were asserted in the Western Digital trial).[5]

---

[5]MR Tech also points to its allegation that, in 2012, Dr. Suess informed Seagate of his application for the '864 patent. Compl. ¶¶ 36, 68, 87. Seagate argues that notice of an application cannot support a claim of pre-suit knowledge of a patent. The Federal

(continued...)

Likewise, and largely based on the same allegations, the Court finds that MR Tech has adequately alleged that Seagate intentionally infringed and induced infringement of MR Tech's patents. *See Lifetime Indus.*, 869 F.3d at 1380 (reversing dismissal and finding that the plaintiff had adequately pleaded intent to infringe by alleging that the plaintiff had knowledge of the patent, its scope, and the covered products, and then engaged in and directed infringing conduct). MR Tech has plausibly pleaded that Seagate knew of the patents, that Seagate intentionally infringed those patents, and that Seagate has induced others to infringe by importing, selling, offering to sell, using, or making infringing products. Seagate's motion to dismiss these claims is therefore denied.

## ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1.   Defendants' motion to dismiss [ECF No. 39] is GRANTED IN PART and DENIED IN PART.

2.   The motion is GRANTED as to plaintiff's claims of contributory infringement, and those claims are DISMISSED WITHOUT PREJUDICE.

---

[5](...continued)
Circuit has indicated otherwise, however. *See Trs. of Columbia Univ.*, 169 F.4th at 1336 ("We have established that notice of a pending patent application is sufficient for a jury to find that the infringer should have known of the patent at the date of issuance.").

3.      The motion is DENIED in all other respects.


Dated:  July 20, 2026                              /s/ Patrick J. Schiltz
                                                   Patrick J. Schiltz
                                                   United States District Judge